UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
(Lafayette Division)

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | * | CASE NO. |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| BEHIND THE FENCE, L.L.C., | * | |
| AMY FELECIE' HEBERT AND | * | |
| JAMES WHEATON | * | |
| | * | MAGISTRATE JUDGE: |
| | * | |

## COMPLAINT

**To the Honorable Judges and Magistrate Judges of the United States District Court for the Western District of Louisiana, Lafayette Division:**

NOW INTO COURT, through undersigned counsel, comes Joe Hand Promotions, Inc. (Joe Hand), a corporation organized under the laws of the State of Pennsylvania with its principal place of business located at 407 E. Pennsylvania Boulevard, Feasterville, Pennsylvania 19053 and files its complaint for the following reasons:

**Venue**

1.

Venue is proper in the Western District of Louisiana, Lafayette Division because all of the defendants' actions and omissions occurred at the commercial establishment of Behind the Fence, L.L.C. (Behind the Fence) located at 17680 Highway 190, Port Barre, St. Landry Parish, Louisiana. St. Landry Parish is within the venue of the Lafayette Division of the Western District of Louisiana.

**Jurisdiction**

2.

Joe Hand asserts that jurisdiction of the Court is based upon:

(A) 28 U.S.C. section 1331 because the action presents a question or questions of federal law arising under the Constitution of the United States and other laws of the United States as follows:

    (i) The Communications Act of 1934, as amended, Title 47 U.S.C. 605, et seq. ;

    (ii) The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. section 553, et seq. ; and,

    (iii) Title 18 sections 2511 (1) (a), (5) and 2520 (a).

(B) Complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs as provided in 28 USCA section 1332.

As discussed in detail below, all of the defendants committed certain acts and omissions that violated Joe Hand's rights as the exclusive commercial domestic distributor of the televised fight Program described below. Those acts and omissions consisted of interception, reception, publication, divulgence, display and exhibition of Joe Hand's property within the control of Joe Hand in the State of Louisiana.

3.

**Defendants**

The following persons are the defendants in this complaint:

(a) **Behind the Fence, L.L.C. (Behind the Fence)**, a Louisiana limited liability company having its registered office and principal place of business located at 17680-A Highway 190, Port Barre, Louisiana 70577.

(b) **Amy Felecie' Hebert (Hebert),** a major resident of and domiciled during all times pertinent to the facts of this complaint at 140 Shackleford Road, Port Barre, St. Landry Parish , Louisiana 70577.

(c) **James Wheaton (Wheaton),** a major resident of and domiciled during all times pertinent to the facts of this complaint at 191 Bolden Road, Palmetto, St. Landry Parish, Louisiana 71358.

4.

Joe Hand is informed, believes and alleges that for all times pertinent to the facts of this complaint Behind the Fence owned, operated, licensed, permitted, had dominion over, controlled, oversaw and managed the commercial establishment doing business as Behind the Fence located at 17680-A Highway 190, Port Barre, Louisiana 70577.

5.

Upon information and belief, Behind the Fence possessed and possesses a license to sell alcoholic beverages within St. Landry Parish, Louisiana as shown by the official records of the Louisiana Department of Revenue, Office of Alcohol and Tobacco Control.

6.

Upon information and belief, Behind the Fence's license described above was in full force and effect at all times pertinent to the facts alleged in this complaint.

7.

At all times pertinent to the facts alleged in this complaint, Hebert and Wheaton were members of Behind the Fence as shown in the official records of the Secretary of State for the State of Louisiana.  Also, Hebert was a manager of Behind the Fence.

8.

Joe Hand reserves the right to supplement and amend its complaint if facts are discovered that show otherwise.

9.

At all times pertinent to the facts of this complaint, Hebert and Wheaton's duties and responsibilities included/includes managing the commercial establishment of Behind the Fence located at 17680-A Highway 190, Port Barre, Louisiana 70577.

10.

 Because Behind the Fence is a limited liability company, its physical acts described in this complaint were accomplished through the actions of Hebert and Wheaton.

11.

Upon information and belief, Joe Hand alleges the following acts accomplished by Hebert and Wheaton occurred on a daily basis or as needed concerning Behind the Fence's commercial establishment located at 17680-A Highway 190, Port Barre, Louisiana 70577:

(a) reconciling all bank accounts for Behind the Fence;

(b) reviewing inventory of alcoholic beverages on a daily basis;

(c) reviewing the condition and fitness of all equipment on the premises;

(d) collecting all money earned;

(e) paying all accounts payables;

(f) collecting all accounts receivables;

(g) cleaning and maintaining the furniture and fixtures;

(h) attending to any issues concerning televisions sets;

(i) reviewing all upcoming televised sporting events including, boxing, prize fights, martial arts and other similar television programming;

(j) meeting with each other to ensure that all of the items listed in (a) through and including (i) were accomplished on behalf of Behind the Fence.

12.

Upon information and belief, Joe Hand alleges that after Hebert and Wheaton met with each other, they proceeded to carry out all of Behind the Fence's instructions concerning Behind the Fence's commercial establishment located at 17680-A Highway 190, Port Barre, Louisiana 70577.

13.

Upon information and belief, Joe Hand alleges that Hebert and Wheaton carried out the instructions of Behind the Fence and took steps to unlawfully receive Joe Hand's television signal, which transmitted the Program described in paragraph 23 below.  Those steps taken by Hebert and Wheaton as instructed by Behind the Fence probably consisted of one of the following to direct the television signal by cable transmission or satellite transmission to Behind the Fence's commercial establishment located at 17680-A Highway 190, Port Barre, Louisiana 70577:

(a) setting up a "residential" account with either a cable television service provider or a satellite television provider and paying a nominal "residential" rate directly to the cable and/or satellite television provider for reception of the plaintiff's Program;

(b) use of a "blackbox", "hotbox", or "pancake box" which was purchased for a fee and when installed on a cable television line will allow for the descrambled reception of a pay-per-view broadcast;

(c) the use of a "smartcarrd" or "test card" or "programming card" which was purchased for a fee and when installed on a DSS satellite receiver will allow for the descrambled reception of a pay-per-view broadcast;

(d) the use of allegal cable drop or splice from an apartment or home adjacent to the commercial establishment premises (which would purchase the broadcast at a residential price and divert the Program to the commercial establishment; or

(e) the purchase of other illegal unencryption devices, and the purchase of illegal satellite authorization codes which are readily available on the internet, in trade publications, and through "word of mouth".

14.

Joe Hand also asserts that Behind the Fence, Hebert and Wheaton placed multiple television sets throughout the establishment located at 17680-A Highway 190, Port Barre, Louisiana 70577 and served alcoholic beverages and food to their customers on the night of the Program described in paragraph 23 below.

15.

Additionally, Joe Hand asserts that it was not an accident or other act of negligence that caused its Program to be shown on the establishment located at 17680-A Highway 190, Port Barre, Louisiana 70577, but that Hebert made arrangements in advance of the time the Program would be shown on February 23, 2013 to have the plaintiff's Program broadcasted to the establishment located at 17680-A Highway 190, Port Barre, Louisiana 70577.

16.

Joe Hand is the premier distributor of closed-circuit pay-per view boxing and special events in the United States. Pay-per view means that in order for a customer to view the closed-circuit event, it/he/she must pay a fee set by Joe Hand.

17.

Joe Hand is informed, believes and alleges that on February 23, 2013 (the night of the Program, which is described below in paragraph 23), Hebert and Wheaton were empowered on behalf of Behind the Fence and had the right and ability to supervise the business and activities of Behind the Fence which included the unlawful reception and/or interception of Joe Hand's Program.

18.

Joe Hand is informed, believes and alleges that on February 23, 2013 (the night of the Program, which is described below in paragraph 23), Hebert and Wheaton as individuals, separate and distinct from Behind the Fence supervised the activity of unlawfully intercepting Joe Hand's Program, and, among other responsibilities, had the obligation to ensure that the sale of alcoholic beverages upon Behind the Fence's premises was not in violation of law.

19.

Joe Hand is informed, believes and alleges that on February 23, 2013 (the night of the Program, which is described below in paragraph 23), Hebert and Wheaton specifically and wilfully took actions on behalf of Behind the Fence to unlawfully intercept and broadcast Joe Hand's Program on Behind the Fence's premises.  Furthermore, if employees of Behind the Fence took actions to unlawfully intercept and broadcast Joe Hand's Program on Behind the Fence's premises, then those actions were/are directly imputable to Behind the Fence, Hebert and Wheaton by virtue of their acquiescence, knowledge and acknowledgment that the unlawful interception and broadcast of Joe Hand's Program on Behind the Fence's premises did occur.

20.

Joe Hand is informed, believes and alleges that on February 23, 2013 (the night of the Program, which is described below in paragraph 23), Behind the Fence, Hebert and Wheaton individually had and possessed an obvious and direct financial interest and commercial advantage and private financial gain in the activities of Behind the Fence, which included the unlawful interception of Joe Hand's Program.

21.

Joe Hand is informed, believes and alleges that the unlawful and willful interception and broadcast of Joe Hand's Program by Behind the Fence resulted in a commercial advantage and private financial gain for all of the defendants due to the increased profits for Behind the Fence and/or the opportunity for increased profits for Behind the Fence as a result of the enticement to potential customers to come to Behind the Fence to watch the plaintiff's Program and spend money on Behind the Fence"s commercial establishment.

## COUNT I

**(Violation of Title 47 U.S.C. Section 605 (a), (e) (3) (a) and (e) (4) and 18 U.S.C. section 2511 in conjunction with section 2520)**

22.

Joe Hand incorporates by reference all of the allegations contained in paragraphs 1 through and including 21, as though reproduced here in full.

23.

Pursuant to a valid and enforceable contract, Joe Hand was granted the exclusive nationwide commercial distribution and broadcast (closed-circuit) rights to Ultimate Fighting Championship 157: Rhonda Rousey v. Liz Carmouche, telecast nationwide on Saturday, February 23, 2013 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the Program).

24.

Pursuant to the same valid and enforceable contract, Joe Hand, entered into subsequent sub-licensing agreements with various commercial entities throughout North America, including

entities within the State of Louisiana, by which it granted these entities limited sub-licensing rights, specifically the rights to publicly exhibit the Program within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs and other similar businesses).  **None** of the defendants were granted sub-licensing rights and/or any other right concerning the Program.

25.

As a commercial distributor and licensor of sporting events, including the Program, Joe Hand expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the commercial entities described above.

26.

With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the defendants named above, either through direct action or through actions of employees or agents directly imputable to the defendants (as outlined in paragraphs 1 through and including 25 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at the defendant, Behind the Fence's, commercial establishment located at 17680-A Highway 190, Port Barre, Louisiana 70577.

27.

The unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the defendants was done wilfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.  Joe Hand stands ready to present eye-witness testimony and other evidence supporting all allegations made in this complaint.

28.

Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520 prohibit the unauthorized publication or use of communications (such as the transmission of the Program for which Joe Hand had the exclusive distribution rights).

29.

By reason of the actions, omissions and conduct of all of the defendants described above, each of the defendants violated Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520.

30.

By reason of the actions, omissions and conduct of all of the defendants described above, which resulted in the violation of Title 47 U.S.C. Section 605, et seq, and Title 18 U.S.C. sections 2511 and 2520, Joe Hand has the private right of action pursuant to Title 47 U.S.C. Section 605 and Title 18 U.S.C. sections 2511 and 2520.

31.

By reason of the actions, omissions and conduct of all of the defendants described above, which resulted in the violation of Title 47 U.S.C. Section 605, et seq, and 18 U.S.C. sections 2511 and 2520, Joe Hand is entitled to the following from each defendant:

    (a)    Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605 (e)(3)(C)(ii), and also

    (b)    Recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

32.

Joe Hand incorporates by reference all of the allegations contained in paragraphs 1 through and including 31 as though reproduced here in full.

33.

The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the Program by the above named defendants was prohibited by Title 47 U.S.C. section 553, et seq.

34.

By reason of the actions, omissions and conduct of all of the defendants described above, each of the defendants violated Title 47 U.S.C. Section 553, et seq.

35.

By reason of the actions, omissions and conduct of all of the defendants described above, which resulted in the violation of Title 47 U.S.C. Section 553, et seq, Joe Hand has the private right of action pursuant to Title 47 U.S.C. Section 553.

36.

By reason of the actions, omissions and conduct of all of the defendants described above, which resulted in the violation of Title 47 U.S.C. Section 553, et seq, Joe Hand is entitled to the following from each defendant:

    (a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

 (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(B), and also

 (c) Recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 553(c)(2), and also

 (d) in the discretion of this Honorable Court, reasonable attorney's fees, pursuant to Title 47 U.S.C. section 553 (c) (2) (c).

37.

Despite the existence of two separate and distinct federal laws (Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520 AND Title 47 U.S.C. Section 553, et seq), which were enacted at different times, some federal courts have held that a successful plaintiff may only receive damages under one of those laws but not both. Joe Hand asserts its claims under both sets of federal laws, but if the Court should find that the violations stated above occurred under one or the other statutes cited or that Joe Hand may only recover one set of damages, then to that extent, Joe Hand's claims should be considered as alternative claims. Joe Hand does not seek double damages.

THEREFORE, Joe Hand Promotions, Inc. prays that each defendant, Behind the Fence, L.L.C., Amy Felecie' Hebert and James Wheaton, be served with a summons and copy of this complaint and required to answer it within the legal delays provided by the Federal Rules of Civil Procedure.

FURTHERMORE, Joe Hand Promotions, Inc. prays for judgment in its favor and against each defendant, Behind the Fence, L.L.C., Amy Felecie' Hebert and James Wheaton, in solido, for the following sums of money, subject to the jurisprudential rule that double damages are not

permitted::

**As to Count I (Violation of Title 47 U.S.C. Section 605 and Title 18 U.S.C. sections 2511 and 2520)**

At Joe Hand's election in accordance with 47 U.S.C. section 605 (e) (3) (B) and (C) (ii),

(a) statutory damages in the amount of $110,000.00 against the defendants, and each of them; and,

(b) reasonable attorney's fees as mandated by statute; and,

(c) all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and,

(d) such other and further relief as this Honorable Court may deem just and proper.

**As to Count II (Violation of Title 47 U.S.C. Section 553 (a) (1), (c)(1), (2), (B), (C), 3 (A), (B)**

(a) statutory damages in the amount of $60,000.00 against the defendants, and each of them; and,

(b) reasonable attorney's fees as may be awarded in the Court's discretion pursuant to statute; and,

(c) all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and,

(d) such other and further relief as this Honorable Court may deem just and proper.

> The Berthelot Law Firm, LLC
> 1660 Thibodeaux Avenue
> Baton Rouge, Louisiana 70802
> (225) 454-0488—cell phone
> 1-484-842-8566–facsimile
> ronniejberthelot@gmail.com
> By:/s/Ronnie J. Berthelot
>     Ronnie J. Berthelot
>     LSBA bar roll no. 1012
>     Trial Attorney

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
(Shreveport Division)

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | * | CASE NO. |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| Behind the Fence TRAVEL PLAZA, INC. D/B/A | * | |
| FLASHBACK CASINO, BILL JONES, | * | |
| DONNA R. JONES AND SHANE BROOKS | * | |
| | * | MAGISTRATE JUDGE: |
| | * | |

Certificate of Service

I certify that I mailed the foregoing "Complaint and Civil Cover Sheet" to the following

defendants:

Behind the Fence, LLC
17680-A Highway 190
Port Barre, LA 70577

Amy Felecie' Hebert
140 Shackleford Road
Port Barre, LA 70577

James Wheaton
191 Bolden Road
Palmetto, LA 71358

by placing a copy of the "Complaint and Civil Cover Sheet" in the United States Mail properly

addressed and postage pre-paid on February 11, 2016.

                                   s/Ronnie J. Berthelot
                                    Ronnie J. Berthelot