## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Joe Hand Promotions, Inc.                            Civil Action 16-00196

versus                                              Judge Rebecca F. Doherty

Behind The Fence, LLC, et al            Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the Court, on referral from the District Judge, *R. 20*, is a Motion To Set Aside Entry Of Default [Rec. Doc. 13] filed by defendants Amy Felicie Hebert and James A. Wheaton ("Defendants"), and Plaintiff, Joe Hand Promotion's, Opposition thereto [Rec. Doc. 18]. On August 17, 2016, the Court conducted a hearing with oral argument on the Motion. For the following reasons, the Court recommends that the Motion be denied.

### I. Factual and Procedural Background

This action arises from an alleged violation of the Communications Act of 1934, 47 U.S.C. § 605 *et seq* and the Cable & Television Consumer Protection and Competition act of 1992, 47 U.S.C. § 553, *et seq*. In its Complaint, Plaintiff alleges, on February 23, 2013, Behind The Fence, LLC ("the LLC"), Amy Hebert and James Wheaton ("Defendants"), unlawfully intercepted a Joe Hand fight Program which was broadcasted and displayed at their business premises without authorization.

Plaintiff's filed this action on February 11, 2016. On March 7, 2016, an answer was filed on behalf of all defendants, including the LLC. *R. 4.* On March 9, 2016 Defendants filed an Amended Answer answering the Complaint on behalf of only the individual defendants, Hebert and Wheaton., *R. 6.* The Amended Answer "admit[ted]

that Hebert and Wheaton were members of the LLC and that Hebert was the Manager thereof until they sold their interest in same...." *Id., ¶ VIII*.

On May 23, 2016, Plaintiff filed a Motion For Entry of Default against the LLC and the Clerk of Court entered a default as to Behind The Fence, LLC. *R. 9, 10*. Also on that date, Defendants filed an "Opposition To Motion For Default Judgment" wherein they argued that because they filed responsive pleadings denying liability on their own behalf and as agents for the LLC, there can be no liability against the LLC. *R. 11*.

On June 14, 2016, Defendants filed a Motion For Leave To File Supplemental And Amending Opposition to Plaintiff's Motion For Entry of Default. *R. 13, 14*. In addition to their argument that the LLC could have no liability, Defendants further argued that service on the LLC was invalid because it was effected through Wheaton, who was not named or accepted as agent for service. *R. 14*.

Plaintiff filed a reply memorandum on June 15, 2016, contending that the only properly named agent for service on February 23, 2013 was Amy Hebert.  Plaintiff further contended that while other agents for service were named in the September 16, 2014 annual report, they did not submit notarized affidavit(s) of acceptance, and therefore the change was not effective. *R. 18*. Plaintiff argued that Wheaton was served because the public records indicated he was a member of the LLC.

On June 17, 2016, the District Judge construed the Motion For Leave To File Supplemental And Amending Opposition To The Default Judgment as a Motion To Set Aside Default Judgment and referred the Motion to the undersigned. *R. 20.* The

2

Court explained that no "Default Judgment" was entered in this matter. Rather, the Clerk of Court entered a default against the LLC in response to Plaintiff's motion for entry of default.

## II. Standard Of Review

The entry of default by the Clerk of Court is the first step of a two-step process to securing default judgment against an uncooperative defendant. It only requires that the plaintiff show by affidavit or otherwise that the defendant has failed to plead or defend against the claim. Fed.R.Civ.P. 55(A). Upon such showing, the Clerk of Court enters a notation of the party's default on the record; the entry is intermediate and ministerial. *See, e.g ., United States v. Hansen*, 795 F.2d 35, 37 (1986) (entry of default is "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). After this entry, the plaintiff may move either the Clerk, or the Court itself, for default judgment, depending on the nature and specificity of the remedy requested in the complaint. Fed.R.Civ.P. 55(B).

Defendants allege improper service of process. The service of summons or lawful process triggers the duty to respond to a complaint. *Fagan v. Lawrence Nathan Assocs.*, 967 F .Supp.2d 784, 795 (E.D.La.2013) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir.1999)).  Under Rule 4, a plaintiff is responsible for serving the defendant with a complaint and summons. Fed.R.Civ.P. 4(c)(1).  "A defendant has no obligation to appear in court or defend an action before it is formally served with process directing it to appear before that forum." *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir.2014). Sufficiency of

3

service of process bears on the validity of personal jurisdiction, and as such, the validity of the default entered, in addition to the validity of continued proceedings against the defendant. *See Miner v. Punch*, 838 F.2d 1407, 1410 (5th Cir.1988). If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). *See* Fed.R.Civ.P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate).

### *III. Analysis*

As the motion to set aside the default entered against the LLC turns on the issue of whether the LLC was properly served, the Court must first determine whether Plaintiff's service of process on the LCC was insufficient. Service on a limited liability company ("LLC") is governed by the same rules applicable to corporations. *See, e.g., Feline Instincts, LLC v. Feline Future Cat Food, Inc*., 2010 WL 4942188 (N. D.Tex.2010). The LLC can not be liable for failing to answer unless service of process complies with Rule 4(h) of the Federal Rules of Civil Procedure. Here, Joe Hand has the burden of proving valid service.

Rule 4(h)(1) provides that a plaintiff can serve a a corporation, partnership, or association in one of two ways. First, a plaintiff may effect service under state law. Louisiana law provides that service of process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process. See La.Code Civ. P. arts. 1266(A), 1232.[1] Article 1266 further provides that,

---

[1] Article 1232 "Personal service" states:

Personal service is made when a proper officer tenders the citation or other process to the person to be served.

"[i]f the limited liability company has failed to designate an agent ... or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent," service of process may be made by any of the following methods:

> (1) Personal service on any manager if the management of the limited liability company is vested in one or more managers or if management is not so vested in mangers, then on any member.

> (2) Personal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted.

> (3) Service of process under the provisions of R.S. 13:3204, if the limited liability company is subject to the provisions for R.S. 13:3201

The second manner in which service can be effected on a limited liability company pursuant to Rule 4(h)(1) is "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." See Fed.R.Civ.P 4(h)(1)(B). *See also Pellerin–Mayfield v. Goodwill Industries*, 2003 WL 21474649, *1 (E.D.La.2003) (J.Vance). The rule also "contemplates that, in addition to delivering a copy of the summons and complaint to the registered agent of a corporation, certain statutes may require that a copy of the summons and complaint be sent by mail to the defendant [company] as well." *Id.* at n. 2.

The LLC's annual reports from the Louisiana Secretary of State provide that Hebert was designated as the agent for service in 2013 and Hebert and Wheaton were listed as members. *R.14-1.* Plaintiff served Wheaton with the summons issued to the

---

La. C. Civ. P. Art. 1232 (West 2013).

LLC on February 18, 2016. *R. 8.* Plaintiff represents that it served Wheaton, a member of the LLC, rather than Hebert, the last know agent for process, because Hebert could not be located. *R. 18.* Defendants argue that a 2014 Notice of Change form shows that new agents for service were named. Plaintiff refutes the change in agents because there is no notarized affidavit of the new registered agents acceptance as required by La. R.S. 12:1308 C.(1) ("Any change of registered agent shall be accompanied by a notarized affidavit of acknowledgment and acceptance signed by the new registered agent.").

The record of this case provides that (1) the LLC initially answered the Complaint; (2) Hebert and Wheaton initially answered as "officers, directors, shareholders and/or principal of Behind The Fence LLC," *R. 1*; (3) Hebert and Wheaton stated in their Amended Answer that they were "members of the LLC," *R. 6*; and, (4) Hebert and Wheaton stated in their briefs that they answered "as the agents" of the LLC. *R. 11, ¶ 3.*

Wheaton, while not the authorized agent for process, was one of the two members in the LLC. Such service under 4(h) requires certification that the person attempting to make service used due diligence to serve the agent. While Plaintiff represents that Wheaton was served because Hebert could not be located, the record contains no certification that the process server performed "due diligence" in attempting to locate Hebert.

Even assuming service on Wheaton was not technically proper, however, the LLC and both members timely filed responsive pleadings. It was not until the

Defendants amended the answer to eliminate the LLC's answer that the default was entered. Thus, any alleged defects in Plaintiff's service of process did not result in a failure to inform Defendants of the action within time to avoid default. Defendants consciously chose not to file an answer on behalf of the LLC.

More importantly, Defendants waived any objection regarding defective service by filing an answer to the Complaint without objecting to service of process. Fed. R. Civ. P 12(h)(1); *City of Clarksdale v. BellSouth Telecommunications, Inc*., 428 F.3d 206, 214 n.15 (5th Cir. 2005) ("Filing an answer to the complaint without objecting to service of process does ... waive a defendant's right to object to service of process."). Thus, Defendants can not assert the defense of improper service of process to defeat the entry of default.

2.  Motion to Set Aside Default

Defendants contend the Court should set aside the entry of default of the LLC because the members, Hebert and Wheaton, have answered the Complaint as "agents" of the LLC. Under settled interpretations applicable to 28 U.S.C. § 1654, an LLC may not appear *pro se* or through a non-attorney in federal court. "The clear rule is that a corporation as a fictional legal person can only be represented by licensed counsel." *Donovan v. Road Rangers Country Junction, Inc*., 736 F.2d 1004, 1005 (5th Cir.1984).

It is undisputed that the LLC is not represented by licensed counsel. The LLC has not filed an answer nor any responsive pleading to the Complaint. The individual Defendants can not answer for the LLC, in any capacity. Thus, the Clerk of Court's

entry of default was proper.

Based on the foregoing, the undersigned recommends that the Court DENY the Motion To Set Aside Entry Of Default filed by defendants Amy Felicie Hebert and James A. Wheaton [Rec. Doc. 13].

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE AND SIGNED this 22nd day of August, 2016.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**