**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Joe Hand Promotions, Inc.                                           Civil Action 16-00196

versus                                                              Judge Rebecca F. Doherty

Behind The Fence, LLC, et al                  Magistrate Judge Carol B. Whitehurst

**AMENDED REPORT AND RECOMMENDATION**

Before the Court, on referral from the District Judge, is a Motion For Default Judgment against Defendant, Behind The Bench, LLC, filed by Plaintiff, Joe Hand Promotion [Rec. Doc. 55] as well as Defendants, Amy Felicie Hebert ("Hebert") and James A. Wheaton's ("Wheaton"), Motion To Set Aside Default Judgment [Rec. Doc. 60] and Plaintiff's Opposition To The "Motion To Set Aside Default Judgment, Alternative Motion To Strike" [Rec. Doc. 63]. For the following reasons, the Court recommends that the Motion For Default Judgment be granted and the Motion To Set Aside Default Judgment be denied.

*I. Factual and Procedural Background*

This action arises from an alleged violation of Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq*.[1] Plaintiff alleged that on February 23, 2013, Behind The Fence, LLC (referred to as "Behind the Fence" or "the LLC"), Amy Hebert and James Wheaton (collectively referred to as "Defendants"), unlawfully intercepted a Joe Hand fight program which was

---

[1] The record indicates that on February 23, 2013, Plaintiff's private investigator, Eric Tysen, observed a cable box present near a television. *R.55-14, Affidavit of Eric Tysen.* The interception of cable television programming traveling over a cable network is to be governed by § 553(a). *United States v. Norris*, 88 F.3d 462, 468 (7th Cir. 1996); *see Entertainment by J & J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F.Supp.2d 769, 774 (S.D.Tex.,2002).

broadcasted and displayed at their business premises without authorization. In particular, Plaintiff alleged that on September 14, 2013, Plaintiff (through a private investigator) observed the live broadcast of the Fight Program, "Ultimate Fighting Championship 157: Rhonda Rousey v. Liz Carmouche" ("the Fight Program"), in the Behind The Fence establishment ("the establishment"). Plaintiff alleged that it had the "exclusive nationwide commercial distribution and broadcast" of the Fight Program. *R. 1, ¶ 23.* Plaintiff further claimed that the defendants, "with full knowledge that [the Fight Program] was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities ... did unlawfully intercept, receive, publish, divulge, display and/or exhibit [the Fight Program.]" *Id at ¶ 26.*

Plaintiff filed this action on February 11, 2016 and service on Behind The Fence was made on February 18, 2016. *R. 8.* On March 7, 2016, an answer was filed on behalf of all Defendants, including the LLC. *R. 4.* On March 9, 2016, Defendants filed an Amended Answer on behalf of only the individual defendants, Hebert and Wheaton., *R. 6.* The Amended Answer "admit[ted] that Hebert and Wheaton were members of the LLC and that Hebert was the Manager thereof until they sold their interest in same". *Id., ¶ VIII.* On May 23, 2016, Plaintiff filed a Motion For Entry of Default against the LLC and the Clerk of Court entered a default as to Behind The Fence. *R. 9, 10.* Plaintiff filed this motion for default judgment on February 11, 2017. *R. 55.*

*II. Standard Of Review*

Under Federal Rule of Civil Procedure 55(b), the court may enter a default against a party if it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. A plaintiff who seeks a default judgment must first petition the court for the entry of default and show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *Meyer v. Bayles*, 559 Fed.Appx. 312, 313 (5th Cir. 2014) (citing *Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206; *accord Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir.2007); *Gines v. D.R. Horton, Inc.*, 867 F.Supp.2d 824, 829 (M.D.La.2012).

After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. No party is entitled to a default judgment as a matter of right. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.2001). If the plaintiff's claim is for a sum certain, and the defendant has not made an appearance in court, the request for a default judgment may be directed to the clerk. Fed.R.Civ.P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed.R.Civ.P. 55(b)(2).

When deciding a motion for default judgment, the court should consider multiple factors including whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established,


whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998).

### III. Analysis

*A. Jurisdiction and Venue*

Because Behind The Fence LLC never filed an answer or responsive pleading in this lawsuit a scheduling order was not issued and a jurisdiction review was not performed. Therefore, before entering judgment, the Court must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir.2001). The Court has subject matter jurisdiction over this lawsuit because plaintiff has made claims under federal statute, 47 U.S .C. § 553 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Personal jurisdiction over defendants is also present. A court has personal jurisdiction over a defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the forum state's exercise of jurisdiction complies with due process. *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir.1999). Because Louisiana's long-arm statute, La.Rev.Stat. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of jurisdiction in the case satisfies federal due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir.1999). According to the

complaint, defendants reside in the state of Louisiana and caused injury to Plaintiff in Louisiana by intercepting and displaying the broadcast owned by plaintiff at their Louisiana bar. Defendants clearly have sufficient minimum contacts with Louisiana such that they are subject to the jurisdiction of this Court. *Joe Hand Promotions, Inc. v. Ashby,* 2014 WL 1330027, at *2 (E.D.La.,2014) (overturned for other reasons); *see J & J Sports Prods., Inc. v. After Six Prods., Inc.*, 2014 WL 644400, at *3 (E.D.Va. Feb. 19, 2014) (finding personal jurisdiction over defendants on similar facts).

The Court is also satisfied that venue is proper in this district. Defendants are residents of Louisiana, and all of the events giving rise to this claim occurred in Louisiana. See 28 U.S.C. § 1391(b)(1),(2) ("A civil action may be brought in ... a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] a judicial district in which a substantial part of the events ... giving rise to the claim occurred ....").

## B. Entry of Default Judgment

Plaintiff moves the Court to enter a default judgment against Behind The Fence. As provided in the foregoing, Behind The Fence was served with the summons on February 24, 2016 but failed to plead or otherwise defend against Plaintiff's claims. Although judgments by default are generally disfavored, *see Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir.1998), the Court finds that Defendant's failure to appear impedes the "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989). Moreover, the record does not reveal any excuse for the LLC's failure to

appear—as the individual defendants are represented by counsel. Thus, the Court will determine whether the facts alleged in the complaint, taken as true, constitute a legitimate cause of action, and if they do, the Court will enter a default judgment in favor of Plaintiff.

One violates § 553 by "intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system" without authorization. 47 U.S.C. § 553(a)(1). Thus, Section 553(a) makes it unlawful for any entity to intercept and display cable programming without proper authorization. *See Entm't by J & J, Inc. v. Al–Waha Enters.*, 219 F.Supp.2d 769, 774 (S.D.Tex.2002). Plaintiff alleges that Behind The Fence, without authorization from Joe Hand, intercepted and displayed the UFC broadcast via a cable box. Accordingly, Plaintiff has stated a cause of action under section 553. *See Joe Hand Promotions, Inc. v. Ashby,* 2014 WL 1330027, at *3 (E.D.La.,2014).

Plaintiff moves for default judgment against Behind The Fence only. As provided by the pleadings, Behind The Fence is a limited liability company and defendants Hebert and Wheaton were the LLC members with authority to direct the business of the LLC. *R. 55-17; 55-5, 55-6.* Under Louisiana law, an LLC is a juridical person and is generally treated as separate from its members. *See Ogea v. Merritt*, 130 So.3d 888, 894–895 (La.2013); La. Civ.Code art. 24.

In support of the Motion, Plaintiff attaches the affidavit of the private investigator, Eric Tyson, hired by Plaintiff to enter the Behind The Fence establishment on February 23, 2013. *R. 55-14, Aff. Of Eric Tyson.* In his affidavit,

Tyson avers that while in the establishment, he observed the Joe Hand program at issue on <u>one</u> 50" television above the bar which had a cable box mounted below the unit. *Id.* Tyson stated the establishment's capacity was approximately 100 people, but the number of patrons in the establishment during the program was approximately 13 - 15. *Id.*

While the LLC did not file any response or opposition to the Motion, the individual defendants, Hebert and Wheaton, filed a Motion To Set Aside Default Judgment in which they contended that, as the LLC's agents for service, they were "empowered to file and answer on behalf of the Defendant LLC, and have done so." [Rec. Doc. 60]. The same contention was the subject of a Motion To Set Aside Default filed by the individual defendants on on May 23, 2016.[2] In considering the Motion, the undersigned's Report and Recommendation stated,

> Plaintiff filed this action on February 11, 2016. On March 7, 2016, an answer was filed on behalf of all defendants, including the LLC. *R. 4.* On March 9, 2016 Defendants filed an Amended Answer answering the Complaint on behalf of only the individual defendants, Hebert and Wheaton., *R. 6.* In particular, the Amended Answer "admit[ted] that Hebert and Wheaton were members of the LLC and that Hebert was the Manager thereof until they sold their interest in same...." *R. 50.*

The District Judge affirmed the holding that the undersigned's Report and Recommendation that the LLC had been properly served and had not filed an answer to Plaintiff's pleadings, and therefore the Clerk of Court's entry of default into the record was proper. *R. 53.* Hence, while the individual defendants originally answered

---

[2] The defendants motion was captioned, "Motion For Leave To file Supplemental And Amending Opposition to Plaintiff's Motion For Entry of Default." *R. 13, 14.* On June 17, 2016, the District Judge construed the Motion as a Motion To Set Aside Default Judgment and referred it to the undersigned. *R. 20.*

on the behalf of the LLC, they amended their answer two days later and answered only on behalf of themselves as *former* members of the LLC.

While the Court does not construe the Motion To Set Aside to be an opposition to the motion at bar, even if it could be considered such, Plaintiff's pleadings and supporting affidavits and documents provide sufficient factual allegations to establish that Behind The Fence did intercept and exhibit the Program without authorization. Thus, default judgment is appropriate as to Behind the Fence and the Court must determine damages.

*C. Damages*

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability." *U.S. For Use of M–CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir.1987). A default judgment does not, however, establish the amount of damages that the Court will award. *Id.* ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.").

As stated in the foregoing, an award of statutory damages must be between $250 and $10,000, as the court considers just. Further, in cases where the violation was committed willfully and for purposes of commercial advantage, the court may in its discretion increase the award of damages by an amount not greater than $50,000. *Id*. 47 U.S.C. § 553(c)(3)(B).

Plaintiff has presented undisputed evidence that it is an aggrieved party under the Federal Communications Act ("FCA"), 47 U.S.C. § 553. A party aggrieved under § 553 may elect to recover either actual or statutory damages. 47 U.S.C. §

553(c)(3)(A)(ii). While Plaintiff's brief is silent as to a choice of damages, the affidavit of Joe Hand, Jr., requests that "this court [] grant a substantial allowance for statutory damages." *R. 55-8, p. 4.* Hand's affidavit also explains the serious threat that this sort of conduct poses to the industry. *R. 55-8.*

Courts have awarded various amounts of statutory damages for similar conduct. *Joe Hand Promotions, Inc. v. Guillory*, 2014 WL 4678962, at *3 (W.D.La.,2014) (awarding base statutory damages of $3,600); *Joe Hand Promotions, Inc. v. Plummer,* 2014 WL 3749148 (N.D.Miss.,2014) (awarding base statutory damages of $3,000); *Joe Hand Promotions, Inc. v. Armijo*, 2014 WL 1761709 (W.D.Tex.,2014) (awarding base statutory damages of $3,600); *Joe Hand Promotions, Inc. v. Alima*, 2014 WL 1632158 (N.D.Tex., 2014) (awarding base statutory damages of $5,000); *Joe Hand Promotions, Inc. v. Ashby,* 2014 WL 1330027 (E.D.La.,2014) (awarding statutory damages of $4,800); *Joe Hand Promotions, Inc. v. Bonvillain,* 2013 WL 5935208 (E.D.La.,2013) (awarding base statutory damages of $1,925). These actions, however, were brought under §§ 553 and 605. Here, Plaintiff's action is brought under § 553 only, and the minimum amount of statutory damages is one-quarter that of the minimum damages of § 605[3]—$250 as opposed to $1000. The Court is unable to locate, and Plaintiff does not cite any Fifth Circuit jurisprudence in which statutory damages under only § 553 were awarded. *But cf, J&J Sports Productions, Inc. v. Giraldo*, 2015 WL 7014650, at *1 (E.D.Pa., 2015) (awarding $1250 in base statutory

---

[3] Under 47 U.S.C. § 605 the party aggrieved may recover an award of statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605 (e)(3)(C)(i)(II).

damages); *J & J Sports Productions, Inc. v. Ramirez,* 2015 WL 3746551, at *1 (N.D.Cal., 2015)(awarding $2,200 in base statutory damages).

As stated by Plaintiff, one purpose of statutory damages in cases analogous to this one is to deter the type of conduct alleged against the defendants. By requiring the defendant to pay only the licensing fee it should have previously paid, the defendant would have no motivation to refrain from continuing the unauthorized conduct. In addition, this conduct harms Plaintiff's business and decreases profits. Considering the need to deter future similar conduct and that the commercial sublicense fee alone in this case would have been $950,[4] the Court finds that the foregone sublicense fee plus $500 for Behind The Fence's estimated profits, or $1450, is a just amount under the circumstances.

In addition, Plaintiff has requested enhanced damages for willful violation. 47 U.S.C. § 553(c)(3)(B). Plaintiff cannot provide affirmative evidence that the efendant willfully violated § 553; however, Joe Hand Jr.'s affidavit states that "our programming is not and cannot be mistakenly, innocently, or accidentally intercepted." An award of enhanced damages rests within the court's discretion. *Id*. Considering Plaintiff's evidence, including that only one of the televisions in the establishment showed the Fight Program; the small size of the crowd (13-15 patrons) viewing the Fight Program; no cover charge; and apparently no prior advertisements; as well as the lack of evidence that the LLC was a repeat offender, the Court finds

---

[4] According to the "Definition Price" provided in the record, the cost to broadcast the Fight Program in a commercial establishment with a capacity of 76-100 people was $950. *R.* 55-13.

that an additional $1,450 in enhanced damages is sufficient.

Finally, Plaintiff requests attorney's fees and costs. Under § 553(c)(2)(C), a court may direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails. An award of attorneys' fees under § 553(c)(2)(C) is not mandatory (unlike 47 U.S.C. § 605(e)(3)(B)(iii)) but is left to the discretion of the court. *International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1009–10 (2nd Cir.1993). While Plaintiff has failed to provide any support in the record for costs and attorneys' fees, the Court is not inclined to award attorney's fees in this case.

### *IV. Conclusion*

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion For Default Judgment as to Behind The Fence LLC [Rec. Doc. 55], be GRANTED IN PART and DENIED IN PART and Plaintiff, Joe Hand Promotions, Inc., be awarded a total of $2,900 against Behind the Fence LLC: an award of $1450 in statutory damages under 47 U.S.C. § 553(c)(3)(A)(ii) ($950 for the foregone sublicense fee and $500 for Behind The Fence's estimated profits); an award of $1450 in enhanced damages under 47 U.S.C. § 553(c)(3)(B); and no award for attorney's fees and costs.

The undersigned further recommends that the Motion to Set Aside Judgment Of Default filed by defendants Amy Felicie Hebert and James A. Wheaton [Rec. Doc. 60] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b),

parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE AND SIGNED this 6th day of April, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE